IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JACLYN J. CATALDO,**

     **Plaintiff,**

     v.                                                                     Civ. No. 23-820 JCH/GJF

**THE CITY OF ALBUQUERQUE, ex rel
PARKS AND RECREATION DEPARTMENT;
FORESTRY DIVISION OF THE PARKS AND
RECREATION DEPARTMENT; ALBUQUERQUE
POLICE DEPARTMENT; xxxx SIMONS [SIC],
DIRECTOR OF THE PARKS AND RECREATION
DEPARTMENT; xxxx O'NEIL [SIC], DIRECTOR OF
THE FORESTRY DIVISION OF THE PARKS AND
RECREATION DEPARTMENT; HEROLD [SIC] MADINA [SIC],
CHIEF OF POLICE OF THE ALBUQUERQUE POLICE
DEPARTMENT; XXXX [SIC] EVANS, POLICE SERVICE
ASSISTANT OFFICER OF THE ALBUQUERQUE
POLICE DEPARTMENT; DOE'S I ALBUQUERQUE
SERVICE ASSISTANT OF THE ALBUQUERQUE
POLICE DEPARTMENT; DOE'S 2 THROUGH 8,
FORMER CHIEF OF POLICE OF THE
ALBUQUERQUE POLICE DEPARTMENT;
DOE'S THROUGH 33, EMPLOYEES OF PARKS
AND RECREATION DEPARTMENT AND DOE'S 34
THROUGH 58, EMPLOYEES OF THE FORESTRY
DIVISION OF THE PARKS AND RECREATION DEPARTMENT,**

     **Defendants.**

## MEMORANDUM OPINION AND ORDER

     This case is before the Court on Defendants' motion to dismiss in accordance with Rule 12(b)(6) [Doc. 8], filed October 31, 2023. The Plaintiff has not filed a response. After reviewing the Complaint [Doc. 1-2] and the motion, the Court concludes that the motion should be granted

in part and denied in part. The Court will decline to exercise supplemental jurisdiction over the remaining state law claims, which will be remanded to state district court.

## **LEGAL STANDARD**

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded factual allegations in the complaint, "resolve all reasonable inferences in the plaintiff's favor, and ask whether it is plausible that the plaintiff is entitled to relief." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (citation and internal quotation marks omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Brokers' Choice of Am., Inc., v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678). "In other words, dismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Id.* at 1104-05.

Under our Local Rules, a response to a motion must be filed 14 days after service of the motion. D.N.M. -L.R. 7.4(a). Further, "failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. LR-Civ. 7.1(b). However, the Plaintiff's failure to respond to a Rule 12(b)(6) motion does not release the Court from its duty to apply this standard set forth in the preceding paragraph before granting the motion. *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003); *Pomerleau v. West Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004) ("When deciding a 12(b)(6) motion, the mere fact that a motion to dismiss is unopposed does not relieve the district court of the

obligation to examine the complaint itself to see whether it is formally sufficient to state a claim.") (citation and internal quotation marks omitted).

## FACTUAL ALLEGATIONS AND LEGAL CLAIMS

On August 22, 2023, Plaintiff filed her Complaint [Doc. 1-2] in the Second Judicial District Court, Bernalillo County, New Mexico. On September 22, 2023, Defendants removed the case to this Court on the basis of federal question jurisdiction. [Doc. 1 at 2].

Plaintiff's pro se Complaint—a lengthy, repetitive, and prolix document—stems from an April 21, 2023, car accident on Carmel Avenue near North Domingo Baca Park ("the park") in northeast Albuquerque, New Mexico. Apparently, the accident occurred when Plaintiff was leaving the park, attempting to make a left turn onto eastbound Carmel Avenue. Plaintiff's car collided with another vehicle heading westbound on Carmel Avenue. Complaint at ¶ 19. Plaintiff alleges that Defendants Evans and Doe I are police service assistants with the Albuquerque Police Department ("APD") who arrived at the scene after the accident occurred. *Id*. at ¶ 15. According to the Complaint, Doe I conducted interviews at the scene, while Defendant Evans wrote the police report. *Id*. at ¶ 16-17. She alleges that both defendants failed to conduct a complete investigation of the accident by failing to interview the other driver or to take accident photographs or road pavement measurements. *Id*., passim. Plaintiff also alleges that Defendant Evans both made false statements in the police report while also omitting other material facts leading the report to conclude that Plaintiff "failed to yield to the right of way" while making a left turn without accounting for the excessive speed of the other driver. *Id*., passim. She asserts that an unwritten APD policy enforced by Defendant Medina requires officers responding to motor vehicle accidents where one driver is attempting to make a left turn to find that driver had failed to yield to the right of way of the other driver, regardless of the facts of the case. *Id*., passim.

In addition, Plaintiff alleges that when she was making her left turn, her view of traffic coming from her left was obstructed by trees and bushes at the edge of the park's parking lot which prevented her from seeing the other vehicle involved in the collision. *Id.*, passim. She contends that by not properly trimming those trees and bushes, the City of Albuquerque and its respective departments failed to conform to City policy and that this failure was a cause of the accident. Plaintiff alleges that Defendant Simon is the Director of the City Parks and Recreation Department and that Defendant O'Neil is the Director for the City Forestry Department. She alleges that both individuals had a duty to trim the bushes, and both ignored her post-accident complaints, as well as the complaints of other citizens, about the trees and bushes. *Id.* at ¶¶ 6,7, 220, 224, 225.

Plaintiff asserts nine claims. The first six of these are based upon her assertion that Defendants negligently and intentionally made false statements of material fact in the police report—specifically, by stating that Plaintiff failed to yield to the other driver's right of way when she made a left turn when in fact she stopped and yielded before making her turn, and by failing to include the fact that the other driver was speeding. She alleges that these statements and omissions caused both her insurance company and the other driver's insurance company to find her at fault for the accident. Plaintiff calls each of her first four claims "intentional Tort of Negligence." Specifically, she asserts Count 1 against Defendant Evans; Count 2 against Defendant Doe 1; Count 3 against Defendant Evans (and perhaps Defendant Medina, though it is difficult to tell); and Count 4 against Defendants Evans, Medina, and Does 2 through 8. In Count 5, Plaintiff asserts that Defendants Medina and Does 2 through 6 violated her Fourteenth Amendment due process rights by adhering to an APD policy requiring officers to "predetermine the driver to be a contributing factor to the cause of the accident" when the failure to yield to the right of way of another driver may have been an issue in an accident. In Count 6, Plaintiff asserts

a violation of the equal protection clause against Medina and Does 2 through 6 arising from the above-referenced policy.

Plaintiff asserts Counts 7, 8, and 9 against Defendants Simon, O'Neil, and Does 9 through 58. All three counts assert a claim of the "Intentional Tort of Negligence" stemming from a failure to perform their duty to trim trees and bushes at the park, which she alleges obstructed her view of the roadway and obstructed her view of the second driver's vehicle.

Because this is a motion to dismiss and because Plaintiff is acting pro se, the Court construes the complaint broadly in the light most favorable to the Plaintiff. Therefore, the Court interprets the Complaint to assert both intentional torts and negligence claims against the Defendants.

## DISCUSSION

Defendants make multiple arguments in favor of their motion to dismiss, which the Court discusses in the order in which Defendants raised them.

**I.      Departments Within the City of Albuquerque Are Not Suable Entities**

First, Defendants argue that Ms. Cataldo's claims against various departments of the City of Albuquerque—the Parks and Recreation Department, Forestry Division of the Parks and Recreation Department, and Albuquerque Police Department—are not suable entities. The Court agrees. Department organized under the umbrella of the City of Albuquerque do not have legal identities of their own and therefore cannot be sued independently of the City itself. *See, e.g., Ketchum v. Albuquerque Police Dep't*, 1992 WL 51481 at *2 (10th Cir. Mar. 12, 1992) (unpublished) ("Defendants correctly state that police departments such as . . . APD are not suable entities under § 1983, because they lack legal identities apart from the municipality."); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are

not usually considered legal entities subject to suit."). The same reasoning applies to administrative departments within a city, such as the Parks and Recreation Department. Accordingly, Defendants' motion to dismiss Ms. Cataldo's claims against the Parks and Recreation Department, Forestry Division of the Parks and Recreation Department, and Albuquerque Police Department will be granted.

## II.     Defendants Have Immunity for Intentional Torts

Second, Defendants argue that the New Mexico Tort Claims Act ("TCA") does not waive the City Defendants' immunity for intentional torts.[1] The Court agrees. "[I]t is declared to be the public policy of New Mexico that governmental entities and public employees shall only be liable within the limitations of the Tort Claims Act and in accordance with the principals established in that act." NMSA 1978, § 41-4-2(A) (1953). "The TCA is the exclusive remedy against a government entity or public employee for any tort for which immunity has been waived." NMSA 1978, § 41-4-17(A) (1982). Under the TCA, "[a] governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort" except for the waivers provided in the TCA in Sections 41-4-5 through 41-4-12. NMSA 1978, § 41-4-4(A) (2001).

### A.     Law Enforcement Officers

Plaintiff has asserted claims against two law enforcement officers: Police Chief Medina and police service aide Evans. Section 41-4-12 of the TCA provides for a waiver of the immunity of law enforcement officers acting in the scope of their duties who commit certain intentional torts:

---

[1] Confusingly, Ms. Cataldo alleges that she is bringing claims for "intentional negligence" or "the intentional tort of negligence in violation of the Tort Claims Act." Because intentional torts are quite different from the tort of negligence, the Court construes the Complaint as an attempt to assert both theories of tort liability.

> The immunity granted pursuant to [Section 41–4–4(A) ] does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from *assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico* when caused by law enforcement officers while acting within the scope of their duties.

(emphasis added). The TCA does not waive immunity for mere negligence committed by law enforcement officers in performance of their job duties. The New Mexico Supreme Court stated in *Bober v. New Mexico State Fair*, 111 N.M. 644, 654, 808 P.2d 614, 624 (1991), that "no case has held that simple negligence in the performance of a law enforcement officer's duty amounts to commission of one of the torts listed in [Section 41-4-12]." Furthermore, "with respect to the torts enumerated in Section 41-4-12, allegations of negligence are appropriate only to the extent that a law enforcement officer's negligence is alleged to have caused a third party to commit one of the specified intentional torts." *Lessen v. City of Albuquerque*, 144 N.M. 314, 322, 187 P.3d 179, 187 (Ct. App. 2008). Plaintiff does not allege that Defendants' negligence caused a third party to commit one of the torts listed in § 41-4-12. Therefore, Plaintiff's pure negligence claims against the police defendants will be dismissed.

With regard to the intentional torts for which the TCA does waive immunity, the Plaintiff does not allege that she suffered damages as a result of either officer committing the intentional torts of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, or violation of property rights. Of the torts enumerated in § 41-4-12, the only one that Plaintiff has alleged is a violation of her constitutional rights—specifically, her claim that Defendant Medina violated her rights to due process and equal protection. Under § 41-4-12, Defendant Medina does not have immunity for those constitutional

claims. Defendant Medina does have immunity for all other tort claims asserted against him, and those non-constitutional claims must be dismissed. The Court addresses the Plaintiff's constitutional claims below.

Plaintiff has not alleged that Defendant Evans violated her constitutional rights. Therefore, under the Tort Claim Act Defendant Evans has immunity for all of Plaintiff's claims against him, and those will be dismissed.

### B. Maintenance of Parks and Roads

As noted above, in Counts 7 through 9 Plaintiff alleges that the accident (and her resulting injuries) were caused by the failure of the City and its employees to properly trim bushes and trees at North Domingo Baca Park. Section 41-4-6 of the TCA provides for the waiver of immunity for injuries caused by the negligence of public employees "acting within the scope of their duties in the operation or maintenance of any building, *public park*, machinery, equipment, or furnishings." (emphasis added).

Defendants argue that § 41-4-6 does not apply because Plaintiff has alleged only intentional torts, not negligence. The Court disagrees. As explained above, it is reasonable to interpret Plaintiff's complaint as asserting both intentional torts and negligence—specifically, in negligently failing to properly trim the bushes and trees at the park. The facts alleged in the Complaint are sufficient to support a negligence claim. Therefore, Court will deny this portion of the motion to dismiss.

### C. Punitive Damages

The Complaint asserts a claim for punitive damages. However, under § 41-4-19(D) of the TCA, "[n]o judgment against a governmental entity or public employee for any tort for which immunity has been waived under the Tort Claims Act shall include an award for exemplary or

punitive damages." Therefore, the motion to dismiss Plaintiff's claim for punitive damages will be granted.

## III.     Due Process

Plaintiff's Complaint does not specify whether she is asserting a substantive or procedural due process claim. Defendants argue that Plaintiff has failed to allege sufficient facts to support a claim that they violated her constitutional right to either substantive or procedural due process. The Court agrees.

### A.     Substantive Due Process

Substantive due process arises from the Fourteenth Amendment's protections against governmental deprivations "without due process of law." U.S. Const. amend. XIV, § 1. Under this framework, due process protections are accorded primarily "to matters relating to marriage, family, procreation, and the right to bodily integrity." *Albright v. Oliver*, 510 U.S. 266, 272 (1994). In extending these concepts to further bar "certain government actions regardless of the fairness of the procedures used to implement them," the Supreme Court has emphasized "that only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *County of Sacramento v. Lewis*, 523 U.S. 833, 840, 846 (1998) (quotations omitted). "[T]hese constitutional protections apply to transgressions above and beyond those covered by the ordinary civil tort system." *Williams v. Berney*, 519 F.3d 1216, 1220 (10th Cir. 2008). What differentiates a constitutional transgression from an ordinary common law tort is a "level of executive abuse of power ... that ... shocks the conscience." *Lewis*, 523 U.S. at 846. An actionable due process claim requires a showing of government officials "abusing their power, or employing it as an instrument of oppression." *Id*. at 845-46 (quotations and brackets omitted).

To recover for a deprivation of substantive due process, a "plaintiff must demonstrate *both* that the official's conduct was conscience-shocking, and that the official violated one or more fundamental rights that are deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Slusarchuk v. Hoff*, 346 F.3d 1178, 1181-82 (8th Cir. 2003) (emphasis in original) (internal quotation omitted). The "ultimate" standard for determining whether there has been a substantive due process violation is "whether the challenged government action shocks the conscience of federal judges." *Ruiz v. McDonnell*, 299 F.3d 1173, 1183 (10th Cir. 2002) (quotations and citations omitted). It is well settled that negligence is not sufficient to shock the conscience. *Id.* at 1184. In addition, "a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 528 (10th Cir. 1998) (quoting *Uhlrig v. Harder*, 64 F.3d 567, 574 (10th Cir. 1995)). "Even knowingly permitting unreasonable risks to continue does not necessarily rise to the level of conscience shocking." *DeAnzona v. City and County of Denver*, 222 F.3d 1229, 1235 (10th Cir. 2000). Here, Plaintiff's claim is similar to a state tort law cause of action sounding in negligence—that the city and Defendants Evans and Doe 1 breached their duty of care by failing to write a fair and accurate police report. Plaintiff's allegations do not rise to the level of an exercise of governmental power that shocks the conscience. Only the most egregious official conduct violates the right to due process. *Chavez v. Martinez*, 538 U.S. 760, 774 (2003). However, Plaintiff's allegations are more akin to the common law tort of negligence.

Furthermore, Plaintiff's allegations impact neither Plaintiff's fundamental liberty interests nor any other constitutional right. A number of courts have held that there is no constitutional right to an accurate police report. *See Jarrett v. Township of Bensalem*, 312 F. App'x 505, 507 (3d Cir.

2009); *Shock v. Tester*, 405 F.2d 852, 855 (8th Cir. 1969) (no property interest where plaintiff alleged patrolman knowingly and intentionally prepared, filed, and failed to correct a false accident report); *Lawrence v. City of St. Paul*, 740 F. Supp. 2d 1026, 1038-39 (D. Minn. 2010) ("even if police defendants knowingly inserted false information in their reports, [plaintiff] was not deprived of a constitutional protected interest because of that false information, and thus she was not deprived of substantive due process."). Similarly, "one does not have a constitutional right to full recovery on an insurance claim. Nor is there a constitutional right even to a full insurance settlement." *Jarrett*, 312 Fed. Appx. at 508. *See also Hill v. City of Racine*, No. 04-C-0831, 2005 WL 1657093, at *2 (E.D. Wis. July 13, 2005) (there is no constitutionally protected "liberty or property interest in obtaining a large insurance settlement."). In short, Plaintiff has failed to allege that Defendants have violated a fundamental right or liberty interest that the due process clause was meant to protect.

Accordingly, her substantive due process claim will be dismissed.

**B.     Procedural Due Process**

A plaintiff must allege facts to support two elements on a procedural due process claim: (1) a constitutionally protected liberty or property interest, and (2) a governmental failure to provide an appropriate level of process to protect that interest. *Citizen Center v. Gessler*, 770 F.3d 900, 916 (10th Cir. 2014); *Couture v. Bd. of Educ. of Albuquerque Pub. Sch.*, 535 F.3d 1243, 1256 (10th Cir. 2008). As previously discussed, Plaintiff has failed to allege harm to a constitutionally protected liberty or property interest. She also has not alleged that she was deprived of a protected interest without notice and an opportunity to be heard. Therefore, her procedural due process claim must be dismissed.

**IV.    Equal Protection**

The Equal Protection Clause of the Fourteenth Amendment guarantees that "[n]o state shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Equal protection "is essentially a direction that all persons similarly situated should be treated alike." *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1233 (10th Cir. 2009) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). In general, to establish a violation of the Equal Protection Clause, the plaintiff "must show that he or she is a member of a class of individuals that is being treated differently from similarly situated individuals that are not in that class." *Schaefer v. Las Cruces Pub. Sch. Dist.*, 716 F. Supp. 2d 1052, 1066 (D.N.M. 2010). A plaintiff alleging disparate-treatment discrimination based on membership in a non-protected class or in a class of one must therefore allege in the complaint that similarly situated persons were treated differently. *Brown v. Montoya*, 662 F.3d 1152, 1173 (10th Cir. 2011).

Here, Plaintiff has not alleged that she is a member of a class of individuals being treated differently from other similarly situated individuals. Therefore, Plaintiff has asserted no equal protection claim on that basis, and the Court turns to the "class of one" theory that was set forth by the Supreme Court in *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In a "class of one" equal protection claim, a plaintiff must first allege that others, "similarly situated in every material respect" were treated differently. Second, the plaintiff must allege that "this difference in treatment was without rational basis, that is, the government action was irrational and abusive and wholly unrelated to any legitimate state activity. This standard is objective—if there is a reasonable justification for the challenged action, we do not inquire into the government actor's actual motivations." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, (10th Cir. 2011) (internal citations and quotations omitted). Again, Plaintiff's failure to allege that she was treated differently

than others who were similarly situated in every relevant respect is fatal to her "class of one" equal protection claim. Accordingly, Defendants' motion to dismiss will be granted.

**V.     Remand**

The "district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial." *Foxfield Villa Assocs., LLC v. Robben*, 967 F.3d 1082, 1103 (10th Cir. 2020) (quoting *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002)).

Here, the court has dismissed the two federal claims that provided the basis of removal jurisdiction. It is early in the case, so neither the parties nor the state court will be inconvenienced by a remand. The state court is in a better position to try the remaining state law claims. Accordingly, this Court declines to exercise supplemental jurisdiction over those claims and will enter a separate order of remand.

**IT IS THEREFORE ORDERED** that City Defendants' Motion to Dismiss Plaintiff's Complaint for Intentional Tort of Negligence in Lieu of Answer [Doc. 8] is **GRANTED IN PART** as follows:

1.     All of Plaintiff's claims against subdivisions of the City of Albuquerque (the Parks and Recreation Department, Forestry Division of the Parks and Recreation Department, and Albuquerque Police Department) are **dismissed with prejudice**;

2.     Plaintiff's claims of negligence against Defendants Harold Medina, Defendant Evans, and law enforcement Doe Defendants are **dismissed without prejudice**.

3.     Plaintiff's intentional tort claims against Defendants Harold Medina, Defendant Evans, and law enforcement Doe Defendants are **dismissed without prejudice**;

4.  Plaintiff's claims against Defendants for punitive damages under the New Mexico Tort Claims Act are **dismissed with prejudice**;

5.  Plaintiff's claims for violation of her constitutional right to substantive and procedural due process are **dismissed without prejudice**; and

6.  Plaintiff's claims for violation of her constitutional right to equal protection are **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that the motion to dismiss [Doc. 8] is **DENIED IN PART** as to Plaintiff's claims against the City of Albuquerque, Defendant Simons, and Defendant O'Niel for alleged negligence in failing to properly trim trees and bushes in North Domingo Baca Park.

_____
**UNITED STATES DISTRICT JUDGE**